**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                 :
PLASTIRAS VASILIRAKIS, a/k/a     :
PLASTIRAS VASILARAKIS,          :    CIVIL ACTION NO. 07-3695 (MLC)
                                 :
       Petitioner,              :    MEMORANDUM OPINION
                                 :
       v.                        :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
       Respondent.              :
_____ :
```

**COOPER, District Judge**

Petitioner, Plastiras Vasilirakis, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He also seeks correction of his sentence pursuant to Federal Rule of Criminal Procedure ("Criminal Rule") 36 due to alleged clerical error.  The underlying criminal case in this Court was under Crim. No. 00-623.  For the reasons set forth herein, issued without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court will deny the motion.[1]

I.    **BACKGROUND**

Petitioner entered a plea of guilt on September 25, 2000, to a one-count Information alleging credit card fraud aggregating

_____

[1]  The records filed herein are the following numbered docket entries ("dkt."): Motion under 28 U.S.C. § 2255 (dkt. 1); Miller notice (dkt. 2); Motion to Amend/Correct Judgment (dkt. 5); Letter from Petitioner's counsel (dkt. 6); Opposition Brief by United States (dkt. 7).  The filed records of the underlying criminal case are on the criminal docket in this Court.

$1,000 or more, in violation of 18 U.S.C. § 1029(a)(2).  He was sentenced on January 8, 2001, to 3 years of probation and a fine of $500.00.  The sentence was a departure on motion of the government based on USSG § 5K1.1 for substantial assistance.

The Judgment of Conviction was entered on January 11, 2001. Petitioner did not appeal.  On August 3, 2007, he filed this Section 2255 motion.  (Dkt. 1.)  This is not a pro se action; Petitioner is represented by counsel.  (Id.; dkt. 3, 4.)

The Court issued a Miller notice to Petitioner on November 27, 2007.  (Dkt. 2.)  In response, Petitioner filed a motion on January 7, 2008, entitled "Motion to amend/modify judgment under Federal Rule of Criminal Procedure 36 or in the alternative, Petition under 28 U.S.C. § 2255."  (Dkt. 5)  Respondent filed a Brief in Opposition to that Motion, stating that it was also in response to the petition itself.  (Dkt. 7.)  This Court issued a Notice and Order on April 3, 2008, terminating the January 7, 2008 motion as deficient and issuing another Miller notice. (Dkt. 8.)  Petitioner filed no response to that Notice and Order.

Petitioner contends that as a result of the conviction in the underlying case, the immigration agency has commenced deportation proceedings against him, charging that he is removable for an aggravated felony.  He says that because the Information alleged that this offense aggregated approximately $15,344.96, his conviction falls within the aggravated felony

ground of removability for minimum loss to the victim of more than $10,000.  He seeks to have the "amount of loss in the judgment" changed to below that figure, so that he can seek termination of the removal proceedings.[2]

Petitioner states that he is a 30-year Lawful Permanent Resident with only this single conviction.  He alleges that his plea of guilt was based on ineffective assistance of counsel because counsel did not inform him of the "immigration death sentence" his conviction would cause.  (Dkt. 5 at 2.)  He also argues that the Court did not conduct an adequate plea hearing because it did not inform him that his conviction would result in his deportation.  The relief that he seeks is for the Court to either direct the Clerk to file an Amended Information to correct the alleged "clerical" error, or alternatively allow him to withdraw his plea of guilt "because of lack of information as to its consequences."  (Id. at 14.)

Upon review of the motion papers and the relevant materials contained in the record of the underlying criminal matter, this Court finds that an evidentiary hearing is not required.  See Rules Governing Section 2255 Proceedings for U.S. District Courts, Rule 8(a); United States v. McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).

---

[2]  We note that the Judgment of Conviction does not state any amount of loss.  (Crim. No. 00-623, dkt. 9.)

## II.  DISCUSSION

Under 28 U.S.C. § 2255:

A prisoner in custody under sentence of a [federal]
court . . . claiming the right to be released upon
the ground that the sentence was imposed in
violation of the Constitution or laws of the United
States, or that the court was without jurisdiction
to impose such sentence, or that the sentence was
in excess of the maximum authorized by law, or is
otherwise subject to collateral attack, may move
the court which imposed the sentence to vacate, set
aside, or correct the sentence.

This Court would have jurisdiction under 28 U.S.C. § 1331, if
Petitioner were "in custody" when he filed this Section 2255
motion.  Petitioner has the burden of establishing any claim
asserted in the motion.  See United States v. Abbott, 975 F.Supp.
703, 705 (E.D. Pa. 1997).

The Court lacks jurisdiction here because Petitioner clearly
was not "in custody" when he filed this motion.  He was not
sentenced to any imprisonment, and his three-year probationary
sentence expired on or about January 11, 2004.  Assuming arguendo
that we do have jurisdiction, however, we find that the motion is
untimely and lacking in merit.

Petitioner's motion is untimely, having been filed after
expiration of the one-year statute of limitations established
under 28 U.S.C. § 2255.  As noted above, the Judgment of
Conviction was entered on January 11, 2001, and was not appealed.
The conviction therefore became final when his time to file a

direct appeal expired.  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Petitioner had ten days from the entry of the Judgment to appeal his conviction.  Fed.R.App.P. 4(b)(1)(A).  Even with intervening weekends and legal holidays, see Fed.R.App.P. 26(a)(2), his time to file a direct appeal expired on January 26, 2001, and the one-year limitations period for filing this motion expired on or about January 28, 2002.  This action was filed on August 3, 2007, more than five years after expiration of the limitation period.  (Dkt. 1.)

The time limitation provision under Section 2255 is not jurisdictional in nature and, as such, is subject to equitable tolling.  See Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 & n.1 (3d Cir. 1998).  However, "[g]enerally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'"  Id. at 618 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).  "[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quotation omitted).

Petitioner attempts to rely upon a "discovery" argument to avoid the effect of the limitations period, stating:

> This motion is timely because it was filed within one
> year of the reasonable discovery of the facts supporting
> the claim.  This Motion was first filed on Nov. 2, 2006,
> less than seven months after the Immigration Court ruled
> on April 28, 2006.  That ruling which held the instant
> offense to be an aggravated felony foreclosing
> immigration relief was the first time Petitioner knew
> that this crime was specifically an unsurmountable [sic]
> obstacle to maintaining immigration status.  Prior to
> April 28, 2006 this issue could not have been discovered
> because legal argument [sic] challenging the government
> immigration charge were still pending before the
> Immigration judge.

(Dkt. 1 at 10, ¶ 13.)

This argument is not persuasive.  Review of the Presentence

Report in the underlying criminal case shows that at the time of

the offense, Petitioner was a citizen of Greece, possessing an

Alien Registration number.  (Dkt. 5-4 at 2.)  The Judgment of

Conviction, entered on January 11, 2001, included as a special

condition of parole a requirement as follows:

> The defendant shall cooperate with the Immigration and
> Naturalization Service to resolve any problems with his
> status in the United States.  The defendant shall
> provide truthful information and abide by the rules and
> regulations of the Immigration and Naturalization
> Service.  If deported, the defendant shall not re-enter
> the United States without the written permission of the
> Attorney General.  If the defendant re-enters the United
> States, he shall report in person to the nearest U.S.
> Probation Office within 48 hours.

(Crim. No. 00-623, dkt. 9 at 2.)  This record establishes that

Petitioner was on notice, before and during his sentencing, that

his criminal conviction could result in deportation or other

consequences affecting his immigration status in the United

States.  Petitioner ultimately did not obtain relief in his

6

immigration proceedings, but this does not provide a basis to apply equitable tolling excusing expiration of the limitation period under 28 U.S.C. § 2255 here.

The Court also has considered Petitioner's other request for relief as a motion to correct the record for clerical error under Criminal Rule 36, which provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Criminal Rule 36 has no stated time limitation. However, the Court finds that Criminal Rule 36 is not applicable here. Neither the Clerk nor the Court drafts the Information; that is done by the prosecutor. Here, the prosecutor says it made no error in drafting the Information, and does not seek to have it amended. (Dkt. 7.) In fact, the prosecutor reiterates that the evidence, as summarized in the Presentence Report ("PSR"), showed that the aggregate amount involved in the offense was approximately $15,344.96, as alleged in the Information. (Id.) We note that the same figure was stipulated by Petitioner in the plea agreement, and was adopted in the PSR as the loss amount for calculating the guidelines offense level. (Dkt. 5-5 at 1-4.)

## III. CONCLUSION

Petitioner seeks relief under 28 U.S.C. § 2255. He also seeks relief under Criminal Rule 36 for alleged clerical error. The motion will be denied for the reasons stated herein.

7

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Loc.App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the motion does not assert constitutional claims that can be redressed in this Section 2255 motion.[3]

The Court will issue an appropriate Order and Judgment.


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:    September 29, 2008

---

[3]  This memorandum opinion expresses no view on whether Petitioner may have a basis for relief under the All Writs Act, 28 U.S.C. § 1651(a).  It appears that he could seek a writ of error coram nobis by filing a petition under that statute.  See, e.g., Li Hua Qiao v. United States, 2007 WL 4105813 (S.D.N.Y. Nov. 15, 2007).  This Court, however, cannot view the pleadings filed in this action as having asserted such a claim.  (See dkt. 6, letter request from Petitioner's counsel; dkt. 8, Notice and Order, at 6 n.3.)